UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.M., | No. 2:24-cv-03384-KJM-JDP |
| Plaintiff, | ORDER |
| v. | |
| Red Roof Franchising, LLC, et al., | |
| Defendants. | |

Plaintiff seeks permission to use a pseudonym (the initials "J.M.") in this action and to amend her complaint. *See* Pseudonym Mot., ECF No. 2; Mot. Am., ECF No. 20. Defendant Red Roof Franchising, LLC does not oppose either motion. *See* Notices, ECF Nos. 29–30. Defendant PDK Hospitality, LLC was served with summons in this action, but it has not appeared, and it has filed no response to plaintiff's motions. *See* Summons, ECF No. 3; Proof of Serv., ECF No. 16. As explained in this order, **the court grants both motions**.

Parties must normally "use their real names" in federal courts. *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1042 (9th Cir. 2010). This presumption implements the public's "general right to inspect and copy public records and documents." *Id*. (quoting *Kamakana v. City of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). But courts do "allow parties to use pseudonyms in the 'unusual case' when nondisclosure of the party's identity 'is necessary . . . to protect a person from harassment, injury, ridicule or personal

1

embarrassment.'" *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067–68 (9th Cir. 2000) (alterations in original) (quoting *United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1981)). When a person asks permission to use a pseudonym, the question a court must answer is essentially whether that "party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id.* at 1068. The court must also decide "at each stage of the proceedings" whether opposing parties will be prejudiced and "whether proceedings may be structured so as to mitigate that prejudice," such as through adoption of protective orders. *Id.* "It may never be necessary, however, to disclose the anonymous parties' identities to nonparties to the suit." *Id.* at 1069.

Plaintiff alleges in this case that she is a victim of sex trafficking. *See* Compl. ¶¶ 24–25, ECF No. 1. According to her complaint, her captors used "a combination of violence, threats, and induced dependence on illegal substances" and sold her for sex. *Id.* ¶ 25. She alleges she was beaten, raped, physically and verbally abused, tormented, deprived of food and water, and falsely imprisoned in a Red Roof Inn in Stockton, California, which left her "forever emotionally and physically injured." *Id.* ¶¶ 26, 30–31, 36. "Plaintiff fears the stigma from her family, friends, employer and community if her true identity is revealed in the public record." Pseudonym Mot. at 2. She offers to mitigate prejudice to the defense by disclosing her identity to defendants "for the limited purpose of investigating [her] claims once the parties have entered into a protective order." *Id.*

Several other district courts have permitted plaintiffs to use pseudonyms in similar circumstances. *See, e.g.*, *P.C. v. D Fort Hotel, LLC*, No. 24-01584, 2025 WL 404296, at *4 (D. Colo. Feb. 5, 2025) (collecting authority). The court agrees with the reasoning in those decisions. In this case, as in others like it, the public has little to gain from knowing precisely who the alleged victims are, whereas those victims have a great deal to lose if their true names are publicized, as they will in all likelihood need to disclose intensely personal, sensitive, intimate /////

/////

and embarrassing details in order to prove their claims. *See id.* The court may need to revisit this decision if the case proceeds to trial, but during the pretrial phrase at least, the court will permit plaintiff's request to use the initials "J.M." and to redact or otherwise obscure her identity in all public filings.

Plaintiff also requests permission to amend her complaint. She made that request before any applicable deadline for amendments to the pleadings under Federal Rule of Civil Procedure 16, so it is necessary only to decide whether an amendment is appropriate under Rule 15. Under that rule, district courts "freely" permit amendments to the pleadings "when justice so requires." Fed. R. Civ. P. 15(a)(2). Courts ordinarily grant requests for leave to amend unless the requesting party has acted in bad faith or has unduly delayed, the amendment would unfairly prejudice the opposing party, amendment would be an exercise in futility, or the pleading has previously been amended but has not stated a viable claim or defense. *See, e.g.*, *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990).

The court perceives no bad faith, undue delay or likely prejudice in plaintiff's unopposed request for leave to amend her complaint. This case is still at an early pretrial stage. Nor is there any obvious deficiency in plaintiff's claims, such that an amendment would likely be an exercise in futility. Finally, there have been no previous amendments. The motion for leave to amend is therefore granted.

For the reasons above, the motions for leave to use a pseudonym (ECF No. 2) and to amend the complaint (ECF No. 20) are **granted**.

Given the absence of any appearance by defendant PDK Hospitality, LLC—who again is named as a defendant in plaintiff's proposed amended complaint, ECF No. 21—the court cautions plaintiff that a failure to complete service of the amended complaint by the applicable deadline may result in dismissal of the claims against PDK Hospitality, *See* Fed. R. Civ. P. 4(m). Any failure to seek entry of default and to move for default judgment also may result in the dismissal of the claims against PDK Hospitality for lack of prosecution. *See* Fed. R. Civ. P. 12(a)

/////

/////

1 (deadlines for responsive pleadings); Fed. R. Civ. P. 55(a)–(b) (default and default judgment);
2 Fed. R. Civ. P. 41(b) (dismissal for lack of prosecution).
3     IT IS SO ORDERED.
4 DATED: April 23, 2025.

_____
SENIOR UNITED STATES DISTRICT JUDGE